## No. 14,118.

### IN THE MATTER OF THE JOHN LANGE LAND AND IMPROVEMENT COMPANY, LIMITED.

#### SYLLABUS.

Application for appointment of a receiver under Act 159 of 1898—*Held*, taking the case as presented and the proof administered in support thereof, no sufficient showing for the order is made.

A PPEAL from the Civil District Court, Parish of Orleans—*Sommerville, J.*

*A. J. Lewis,* for Frank Lange, Petitioner, Appellant.

*Cage, Baldwin & Crabites,* for Defendant, Appellee.

The opinion of the court was delivered by
BLANCHARD, J.   Frank Lange, the petitioner, is a stockholder and

In the Matter of Land and Improvement Co., Ltd.

director in the John Lange Land and Improvement Company, Limited.

He brought this action to dissolve and annul the charter of the corporation, and asked, as a preliminary step, the immediate appointment of a receiver to take charge of and administer the affairs of the corporation pending further proceedings in the case.

The application for the appointment of receiver is made under Act 159 of 1898.

The District Judge having ordered the company to show cause why a receiver should not be appointed (Section 2 of the Act of 1898) and this rule having been tried, there was judgment denying, for the present, the appointment of a receiver. No opinion of the trial Judge, or reasons for judgment, appear transcribed in the transcript. This left the cause to be tried on its merits—i. e., whether or not the dissolution and annulment of the charter should be decreed; and it also left open the question of appointment of a receiver later, should appropriate steps to that end be taken, or grounds develop justifying such appointment.

From the judgment refusing the immediate appointment of a receiver this appeal is prosecuted.

It is observed that besides asking the dissolution and annulment of the charter of the corporation, the petitioner prayed that Charles Lange, who was cited both as President of the company and individually, be ordered to render a full and complete account of all the property of every kind belonging to the estate of John Lange, deceased.

It seems that Charles Lange had been the administrator of John Lange's Succession; that this succession had been a proceeding pending in another Division of the Civil District Court of the Parish of Orleans; that it had there been administered; and that an account filed by the administrator had been homologated, the administrator discharged, and the heirs recognized and sent into possession.

It seems further that, following this, the heirs (all save certain minors) had organized the John Lange Land and Improvement Company, Limited, and to this company they had made conveyance of the property acquired by inheritance from their dead ancestor, John Lange.

To the rule to show cause why a receiver should not be immediately appointed, the defendants excepted to all that portion of the petition—allegations and prayer—referring to the administration of the Succession of John Lange, on the ground that jurisdiction thereof was vested into another division of the court.

There was no error in the ruling of the trial Judge sustaining this exception.

Besides, the suit against the John Lange Land and Improvement Company for the appointment of a receiver and for the annulment of the charter of the corporation, was no place to call upon Charles Lange, the discharged administrator of the Succession of John Lange, for an account of the property and effects which had belonged to the estate.

To the demand for the appointment of a receiver, the company answered denying that any grounds existed for such appointment, and averred that the affairs of the corporation had not been mismanaged and no wrong had been done the petitioner.

We are not here concerned about the merits of the case—whether or not there is ground for dissolving and annulling the charter of the company. The sustaining of the exception left that as the only issue on the merits.

There is no prayer that the corporation be decreed not to have been organized according to law, and no prayer for a decree that it is pursuing a business, occupation or calling contrary to law, though there are allegations in the petition to this effect.

On the contrary, judged by the prayer for relief, plaintiff's petition proceeds upon the theory that there *was* a corporation organized under a charter, and that it was pursuing a lawful business. It is this *corporation* which is asked to be dissolved, this *charter* that is asked to be annulled.

The issue here presented is whether, on the showing made, a receiver should have been immediately appointed.

We find that the Act of 1898 authorizes the appointment of a receiver at the instance of a stockholder when the corporation has been legally dissolved and the appointment of a receiver to liquidate its affairs is requested by a majority in amount of the stockholders.

That is not this case. Here the corporation has not been dissolved, and a majority in amount of the stockholders have asked no action.

A receiver may, likewise, be appointed at the instance of a stockholder or creditor when the directors or other officers of the corporation are jeopardizing the rights of stockholders or creditors by mismanagement or misusing the property or funds of the corporation.

The testimony offered herein does not establish this condition of affairs.

The statute, also, authorizes a receiver when the corporation has

been adjudged not organized according to law, or where it is pursuing a business or calling contrary to law.

Here, as we have seen, there is no prayer that this corporation be adjudged not organized according to law, or adjudged to be pursuing a calling contrary to law.

The statute, further, authorizes a receiver when a majority of the stockholders are violating the charter rights of the minority and putting their interests in imminent danger.

The proof administered does not establish this ground.

Other grounds for the appontment of receivers are recited by the Act of 1898, but the instant case, as presented, does not come within any of them.

We do not find error in the judgment appealed from and the same is affirmed.